# CIRCUIT COURT OF THE CITY OF RICHMOND

Terri Lynn Asbury

v.

Commonwealth of Virginia
and Bobby Moses

July 17, 2003

Case No. LP-2329

BY JUDGE T. J. MARKOW

This case was tried to a jury which returned a verdict against the defendants for compensatory damages of $100,000 and punitive damages against the defendants for $150,000 notwithstanding that the plaintiff did not request, the jury was not so instructed, nor did the verdict form provide for an award of punitive damages against the Commonwealth. Both defendants moved to set aside the verdict and to order remittitur.

Trial courts are not permitted to disturb jury verdicts unless the verdict is so great as to shock the conscience of the court and to create the impression that the jury has been motivated by passion, corruption, or prejudice or has misconceived or misconstrued the facts or the law or the award is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision. See *Shepard v. Capital Foundry*, 262 Va. 715 (2001).

Here, defendant Moses, a former state trooper, while in a police cruiser and in uniform, stopped the plaintiff ten to twelve times and on at least one occasion touched the plaintiff's breast. He claims this was all social, cordial, and consensual. Plaintiff denies any consent and instead testified that she was annoyed and bothered by the stops and after the touching she became afraid, was humiliated, and felt dirty. She complains that she now gets nauseated

when she sees a state trooper. Plaintiff offered no other evidence of injury or damage resulting from the improper stops and touching by the former trooper.

A $100,000 award under the circumstances of this case and in light of the lack of physical injury to the plaintiff is shocking to the conscience of this court. Similarly, a $150,000 punitive damage verdict is also shocking where there was no evidence of what was necessary to punish the defendant Moses. The jury's award of $150,000 in punitive damages against the Commonwealth without any supporting instructions of law or request by the plaintiff was more than shocking and reflected a decision-making process based on a failure to follow the court's instructions, upon sympathy for the plaintiff, passion for the plaintiff's cause, prejudice against the Commonwealth, and upon several inflammatory actions of counsel.

Plaintiff's counsel twice injected into the case whether or not the defendant was offered or took a lie detector test, testimony not arguably relevant or admissible. The second time it was broached was after that evidence had been previously declared inadmissible by the court. The obvious purpose was to suggest to the jury that the defendant Moses was lying in that he took and failed or refused to take the lie detector test or alternatively that the Virginia State Police did something wrong in not administering the test. The evidence was inadmissible and was highly inflammatory and prejudicial.

Contrary to the court's pretrial rulings and directives, plaintiff's counsel, on several occasions, raised the issue of defendant Moses' improper conduct as a police officer, some of which had occurred over fifteen years earlier, was of a different nature than the conduct complained of here, and none of which was relevant to this case, for the purpose of painting Moses as a rogue cop.

Similarly, in pretrial proceedings, the court precluded the plaintiff from injecting into this case the fact that Moses was not criminally prosecuted. Nevertheless, this was introduced into the evidence and was stressed by counsel in her closing argument where she emphasized that a part of the plaintiff's anguish was that Moses had not been punished.

There can be no argument justifying the jury's awarding punitive damages against the Commonwealth. Plaintiff did not request it, the jury instructions did not address it, and the verdict form specifically excluded it. The only conclusion one can draw from that is that the jury ignored the instruction on punitive damages and the verdict form addressing such damages only against defendant Moses. Further, the jury was obviously prejudiced against the Commonwealth and ignored its obligation to act impartially.

This verdict on liability and damages cannot stand and the defendant's motions to set aside are sustained.

Remittitur or a new trial on damages only would not serve as proper remedies in this case as the apparent prejudice of the jury tainted its finding of liability as well as damages. The only appropriate remedy is to set aside the verdict and to declare a mistrial.

It is, therefore, ordered that the verdict of the jury is set aside and that this case is mistried. Counsel shall set the case for retrial on or before December 1, 2003.

As this case is already prepared for trial, discovery is frozen as of this date. All evidence rejected in and before the first trial and proffered into the record shall be deemed offered, rejected, and proffered for the record in the second trial.